UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-01917-SVW-PLA | Date | April 20, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Assocation v. Edwin Stanley Kennedy et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Cruz | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT [6]

**I.   INTRODUCTION**

On June 24, 2011, Plaintiff Federal National Mortgage Association ("SNMA") filed the instant action complaint in Los Angeles County Superior Court as case No. 11C02631 alleging unlawful detainer pursuant to California Code of Civil Procedure §§ 1161a.  Defendants were served on July 19, 2011 and removed the action to this Court on March 7, 2012, well after the statutory period for removal expired on August 18, 2011.

On March 20, 2012, FNMA filed a Motion to Remand the case to Los Angeles County Superior Court.  (Dkt. No. 6).  The Court hereby REMANDS the case to Los Angeles County Superior Court because the Court lacks Federal Question Jurisdiction.

The Status Conference scheduled for Monday April 23, 2012 at 3:00 p.m. is hereby VACATED.

**II.   ANALYSIS**

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    **A.   Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:12-cv-01917-SVW-PLA | Date | April 20, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Assocation v. Edwin Stanley Kennedy et al | | |

JS - 6

complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single state cause of action for unlawful detainer. No federal claim is alleged. Defendants claim that federal question jurisdiction exists because of his allegations that Plaintiff violated the Protecting Tenants at Foreclosure Act. (Notice of Removal, ¶ 8). However, Defendants seem to be citing to federal law in support of potential counterclaims, or a defense to the Complaint, both. These allegations do not constitute a basis for removal. A federal defense does not form a basis for removal, nor does an actual or anticipated federal counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Therefore, Defendants have failed to show that federal question jurisdiction exists in this case.

### III.  CONCLUSION

Accordingly, because this Court lacks subject matter jurisdiction, this action is REMANDED to Los Angeles County Superior Court, Case No. 11C02631 . See 28 U.S.C. § 1447(c). The status conference scheduled for Monday April 23, 2012 at 3:00 p.m. is hereby VACATED.

IT IS SO ORDERED.